Corey P. Hanrahan, Esq. (SBN 256835)
The Hanrahan Firm
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 377-6522
Facsimile:  (619) 377-6662
corey@hanrahanfirm.com

Douglas S. Gilliland, Esq.  (SBN 157427)
THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone: (619) 878-1580
Facsimile:  (619) 878-6630
doug@thegillilandfirm.com

Attorneys for Plaintiff JANE DOE

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | 1. Warrantless Entry – 42 U.S.C. § 1983 |
| CITY OF RIDGECREST, a California municipality, MICAH LLOYD, an individual, and DOES 1-10, inclusive, | 2. Sexual Assault – 42 U.S.C. § 1983 |
| Defendants. | 3. Violation of Bodily Integrity – 42 U.S.C. § 1983 |
| | 4. Bane Act – Civil Code § 52.1 |
| | 5. Sexual Battery |
| | Trial by Jury is Hereby Demanded |

1

COMPLAINT

COMES NOW, Plaintiff JANE DOE, an individual, by and through her attorneys of record, The Hanrahan Firm, by Corey P. Hanrahan, Esq., and THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and alleges as follows:

## I.

## JURISDICTION AND VENUE

1.     The United States District Court, for the Eastern District of California, has original jurisdiction over the federal civil rights causes of action pled herein under 42 U.S.C. § 1983, and pursuant to 28 U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331. The United States District Court, for the Eastern District of California, has supplemental jurisdiction over the state law causes of action pled herein pursuant to 28 U.S.C. § 1367(a). Venue of this controversy is proper in the Eastern District of California pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Eastern District of California.

## II.

## GENERAL ALLEGATIONS

2.     At all times relevant to this complaint, Plaintiff JANE DOE was an individual residing in the Eastern District of California in Kern County.

3.     At all times relevant to this complaint, Defendant CITY OF RIDGECREST was a municipality located in the Eastern District of California, in Kern County, were it operated the Ridgecrest Police Department.

4.     At all times relevant to this complaint, Defendant MICAH LLOYD (hereafter "Officer LLOYD") was an individual and police officer reservist, and then police officer, with the Ridgecrest Police Department, and resided in in the Eastern District of California, in Kern County.

5.     Plaintiff is truly ignorant of the full names, identities and capacities of DOES 1 through 10, inclusive.  Therefore, Plaintiff sues these defendants under the fictitious designations of DOES 1 through 10.  Plaintiff will amend this complaint

COMPLAINT

1  once the DOES' identities have been ascertained as well as the facts giving rise to

2  their liability.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff filed her governmental tort claim form with CITY OF RIDGECREST on July 16, 2021. She filed an amendment to the July 16, 2021, claim form on July 21, 2021. CITY OF RIDGECREST rejected her claim on August 30, 2021. Therefore, Plaintiff has exhausted her administrative remedies under the California Government Code, has the right to sue under California state law causes of action, and has timely filed this complaint within the six-month period prescribed by California Government Code section 945.6.

### IV.

### FACTS

7.      At all times relevant hereto, Plaintiff JANE DOE was a resident of the CITY OF RIDGECREST. At all times relevant hereto, Officer LLOYD was an employee of the CITY OF RIDGECREST, in particular, and police reservist and then a sworn peace officer.

8.      Beginning in September 2018, Officer LLOYD entered Plaintiff's home unannounced and without permission. He was not invited, had no police business there, had no warrant, nor probable cause to be in Plaintiff's home. Plaintiff woke up and yelled, "What the hell are you doing?" or words to that effect. Officer LLOYD responded that he was just checking on her.

9.      In late September or early October 2018, Officer LLOYD returned to Plaintiff's home and entered it unannounced and without permission in his police uniform. He again was not invited, had no police business there, had no warrant, and had no probable cause to be in Plaintiff's home. Again, Plaintiff woke up. She told Officer LLOYD to leave again, and he left.

/ / /

3

10.    On or around October 8, 2018, Officer LLOYD came to Plaintiff's house unannounced again. Plaintiff saw Officer LLOYD walking as if he was going to enter her backyard. Officer LLOYD then stopped in front of Plaintiff's window and stared at her. Officer LLOYD then got into his car and left.

11.    October 9, 2018, Plaintiff had the locks on her house changed.

12.    On or about October 28, 2018, Officer LLOYD tried to gain access to Plaintiff's house unannounced and without permission. Due to Plaintiff having installed a lock on her back gate, Officer LLOYD was unable to gain access.

13.    On or about December 29, 2018, Officer LLOYD came into Plaintiff's residence unannounced and without permission and entered her bedroom. Plaintiff awoke due to his movement and noise from being in her house.

14.    On or about January 6, 2019, Plaintiff heard someone outside of her bedroom, wearing all dark clothing trying open the windows and doors to her house. The person then moved out of Plaintiff's sight, and Officer LLOYD then suddenly appeared shortly thereafter.

15.    Officer LLOYD entered her house approximately 12 more times between January to September 2019. On each occasion, Officer LLOYD was dressed in his police uniform.

16.    Thereafter, Plaintiff again had the locks to her front door changed in September 2019.

17.    In October 2019, the United States Navy had its annual Navy Ball celebration at the Naval Air Weapons Station, China Lake. Officer LLOYD was working the event. At that time, Plaintiff's friend approached Officer LLOYD and aggressively told Officer LLOYD to stop harassing Plaintiff. The harassment did stop for several months.

18.    On April 26, 2020, Plaintiff received a text from a phone number she did not recognize (hereafter "Unknown Number"). The texts were flirtatious, and the person texting said he was a Marine. Several months went by before this number

4

1  contacted Plaintiff again.

2      19.    In January 2021, the Unknown Number texted Plaintiff again. The texts

3  urged Plaintiff to guess his identity. She responded to the Unknown Number that she

4  has a roommate so that the person texting would think not think she was home alone.

5      20.    The Unknown Number continued to text her in January 2021, but

6  Plaintiff did not respond.

7      21.    In January 2021, Plaintiff was not feeling well and had made a makeshift

8  bed in front of the fireplace in the living room. Plaintiff woke up on her makeshift

9  bed in the living room to a figure squatting down next to her, rubbing her crotch over

10  her panties. The person was in civilian clothing. JANE DOE grabbed her Taser and

11  chased the intruder out of her home.

12      22.    The Unknown Number texted Plaintiff, "Good weekend? Doing

13  anything crazy?" The Unknown Number then texted, "I'm working patrol tonight so

14  let me know if you need a ride home tonight." Officer  LLOYD denied that he was

15  in JANE DOE's home.

16      23.    By January 19, 2021, Plaintiff knew it was Officer LLOYD that had

17  been texting her from the Unknown Number. Officer LLYOD then sent text

18  messages to Plaintiff between January 2021, and February 2021, and Plaintiff did not

19  respond.

20      24.    In February 2021, Officer LLOYD entered Plaintiff's home again

21  uninvited and unannounced. He then pulled his department issued taser from its

22  holster and held it against the side of her left breast.

23      25.    By March 2021, an investigation into Officer LLOYD's conduct was

24  underway. After the investigation had been ongoing for over a month, Plaintiff was

25  informed that Officer LLOYD had moved out of the state of California for at least a

26  month. In July 2021, Plaintiff was told that Officer LLOYD was no longer employed

27  by the CITY OF RIDGECREST, had sold his condominium and moved to the state

28  of Alaska.

COMPLAINT

## V.

## FIRST CAUSE OF ACTION

### Warrantless Entry – 42 U.S.C. § 1983

### [Against Defendants CITY OF RIDGECREST,

### MICAH LLOYD and DOES 10]

Plaintiff JANE DOE incorporates by reference all prior allegations pled in this complaint.

26.     The home is the most sacrosanct domain and, therefore, in a person's home, an individual's Fourth Amendment interests are at their strongest. The Fourth Amendment prohibits police officers from making a warrantless entry into a person's home, unless the officer has (1) probable cause to believe a crime has been committed, and (2) the officer is presented with exigent circumstances. In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the home. It is a basic principle of Fourth Amendment law that a police officer's entry inside a home without a warrant is presumptively unreasonable.

27.     Officer LLOYD violated Plaintiff JANE DOE's Fourth Amendment right to be free from unlawful searches and seizures under color of state law by, in part, entering JANE DOE's home in his police uniform without consent, a warrant, probable cause, or exigent circumstances and searching for JANE DOE and watching and touching her without consent.

28.     Officer LLOYD's violation of JANE DOE's Fourth Amendment rights was a moving force that caused general or non-economic damages to JANE DOE, including general and special damages according to proof at the time of trial.

29.     While Officer LLOYD was a police Reservist Level II, he could perform certain police functions under the immediate supervision of a peace officer. Despite this policy, the CITY OF RIDGECREST, and DOES 1-5, intentionally failed to enforce this policy, thereby exposing Plaintiff to conduct by

COMPLAINT

1  they knew would violate Plaintiff's constitutional rights.

2      30.    In addition, the CITY OF RIDGECREST, and DOES 6-10, failed to

3  train, supervise, and discipline its police officers for actions that violated the rights

4  of citizens. This failure to train, supervise and discipline its officers constituted a de

5  facto custom and policy of inaction regarding illegal conduct of its officers that

6  amounted to a deliberate indifference to JANE DOE's constitutional rights and

7  complicity with its officers' wrongful conduct by the policy makers for the CITY

8  OF RIDGECREST.

9      31.    The CITY OF RIDGECREST's and DOES 1-10's failure to train,

10  supervise, and discipline its employees was also a moving force that caused general

11  and special damages according to proof at the time of trial.

12      32.    The conduct of Officer LLOYD constituting the violation of JANE

13  DOE's Fourth Amendment rights, justifies the imposition of punitive damages

14  against Officer LLOYD to punish him for his conduct, and to deter him from

15  engaging in similar conduct in the future, because the conduct was malicious,

16  oppressive and/or in reckless disregard of JANE DOE's rights. The conduct was

17  malicious because it was accompanied by ill will, spite and/or for the purpose of

18  injuring, harassing, and vexing JANE DOE. The conduct was oppressive because it

19  injured and/or damaged JANE DOE and/or violated her rights with unnecessary

20  harshness and/or severity, and it was a misuse or abuse of authority or power by the

21  Officer LLOYD. The conduct was with a conscious disregard of JANE DOE's

22  rights because, under the circumstances, it reflected a complete indifference to

23  JANE DOE's safety or rights.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

COMPLAINT

# VI.

# SECOND CAUSE OF ACTION

## Sexual Assault and Battery – 42 U.S.C. 1983

## [Against Defendants CITY OF RIDGECREST,

## MICAH LLOYD, and DOES 1-10]

Plaintiff JANE DOE incorporates by reference all prior allegations pled in this complaint.

33.     Plaintiff JANE DOE had a right under the Fourth Amendment to be free from sexual assault and battery. Officer LLOYD violated JANE DOE's right under the Fourth Amendment to be free from sexual assault and battery by Officer LLOYD by Officer LLOYD entering her home under color of state law without consent, a warrant, probable cause, or exigent circumstances and touching parts of Plaintiff's body without her consent for his sexual gratification, at times in full police uniform.

34.     Officer LLOYD's violation of JANE DOE's Fourth Amendment rights was a moving force that caused general or non-economic damages to JANE DOE, including general and special damages according to proof at the time of trial.

35.     While Officer LLOYD was a police Reservist Level II, he could perform certain police functions under the immediate supervision of a peace officer. Despite this policy, the CITY OF RIDGECREST, and DOES 1-5, intentionally failed to enforce this policy, thereby exposing Plaintiff to conduct by they knew would violate Plaintiff's constitutional rights.

36.     In addition, the CITY OF RIDGECREST, and DOES 6-10, failed to train, supervise, and discipline its police officers for actions that violated the rights of citizens. This failure to train, supervise and discipline its officers constituted a de facto custom and policy of inaction regarding illegal conduct of its officers that amounted to a deliberate indifference to JANE DOE's constitutional rights and complicity with its officers' wrongful conduct by the policy makers for the CITY

COMPLAINT

1  OF RIDGECREST.

2      37.    The CITY OF RIDGECREST's and DOES 1-10's failure to train,

3  supervise, and discipline its employees was also a moving force that caused general

4  and special damages according to proof at the time of trial.

5      38.    The conduct of Officer LLOYD constituting the violation of JANE

6  DOE's Fourth Amendment rights, justifies the imposition of punitive damages

7  against Officer LLOYD to punish him for his conduct, and to deter him from

8  engaging in similar conduct in the future, because the conduct was malicious,

9  oppressive and/or in reckless disregard of JANE DOE's rights. The conduct was

10 malicious because it was accompanied by ill will, spite and/or for the purpose of

11 injuring, harassing, and vexing JANE DOE. The conduct was oppressive because it

12 injured and/or damaged JANE DOE and/or violated her rights with unnecessary

13 harshness and/or severity, and it was a misuse or abuse of authority or power by the

14 Officer LLOYD. The conduct was with a conscious disregard of JANE DOE's

15 rights because, under the circumstances, it reflected a complete indifference to

16 JANE DOE's safety or rights.

17                                  **VII.**

18                        **THIRD CAUSE OF ACTION**

19              **Violation of Bodily Integrity – 42 U.S.C. 1983**

20              **[Against Defendants CITY OF RIDGECREST,**

21                  **MICAH LLOYD, and DOES 1-10]**

22      Plaintiff JANE DOE incorporates by reference all prior allegations pled in

23 this complaint.

24      39.    Individuals have a right to be free from violations of their bodily

25 integrity under the Substantive Due Process Clause of the Fourteenth Amendment.

26 It was clearly established in the Ninth Circuit, as early as 1963, that the Fourteenth

27 Amendment protects a sphere of privacy, and the most basic subject of privacy, the

28 intimate parts of the human body.

                                      9

40.     JANE DOE's right to be free from violations of her bodily integrity was violated by Officer LLOYD entering her home under color of state law without consent, a warrant, probable cause, or exigent circumstances and touching parts of Plaintiff's body without her consent for his sexual gratification, at times in full police uniform.

41.     Officer LLOYD's violation of JANE DOE's Fourteenth Amendment right to bodily integrity under color of state law was a moving force that caused general and special damages according to proof at the time of trial.

42.     While Officer LLOYD was a police Reservist Level II, he could perform certain police functions under the immediate supervision of a peace officer. Despite this policy, the CITY OF RIDGECREST, and DOES 1-5, intentionally failed to enforce this policy, thereby exposing Plaintiff to conduct by they knew would violate Plaintiff's constitutional rights.

43.     In addition, the CITY OF RIDGECREST, and DOES 6-10, failed to train, supervise, and discipline its police officers for actions that violated the rights of citizens. This failure to train, supervise and discipline its officers constituted a de facto custom and policy of inaction regarding illegal conduct of its officers that amounted to a deliberate indifference to JANE DOE's constitutional rights and complicity with its officers' wrongful conduct by the policy makers for the CITY OF RIDGECREST.

44.     The CITY OF RIDGECREST's and DOES 1-10's failure to train, supervise, and discipline its employees was also a moving force that caused general and special damages according to proof at the time of trial.

45.     The conduct of Officer LLOYD constituting the violation of JANE DOE's Fourth Amendment rights, justifies the imposition of punitive damages against Officer LLOYD to punish him for his conduct, and to deter him from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of JANE DOE's rights. The conduct was

10

COMPLAINT

1  malicious because it was accompanied by ill will, spite and/or for the purpose of

2  injuring, harassing, and vexing JANE DOE. The conduct was oppressive because it

3  injured and/or damaged JANE DOE and/or violated her rights with unnecessary

4  harshness and/or severity, and it was a misuse or abuse of authority or power by the

5  Officer LLOYD. The conduct was with a conscious disregard of JANE DOE's

6  rights because, under the circumstances, it reflected a complete indifference to

7  JANE DOE's safety or rights.

## VIII.

## FOURTH CAUSE OF ACTION

### Bane Act – Civil Code 52.1

### [Against Defendants CITY OF RIDGECREST and MICAH LLOYD]

Plaintiff JANE DOE incorporates by reference all prior allegations pled in this complaint.

46.    Officer LLOYD, whether or not acting under of color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with JANE DOE's exercise and/or enjoyment of her rights secured by the Constitution or law of the United States, or the rights secured by the Constitution or laws of California, including the Fourth and Fourteenth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures, sexual battery, and bodily integrity. The Constitutional violations are evidenced by Officer LLOYD entering JANE DOE's home without her consent, a warrant, probable cause, or exigent circumstances and sexually battering, holding a Taser to her left breast, and watching her sleep to satisfy his own sexual desires. The conduct was also a violation of California Penal Code sections 602, 243.4(E)(1), 243(A), and 602.5(A).

47.    Officer LLOYD's interference by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with JANE DOE's exercise and/or enjoyment of her rights secured by the Constitution was a moving

COMPLAINT

1  force that caused general and special damages according to proof at the time of

2  trial.

3       48.    The conduct of defendants constituting interference by threat,

4  intimidation, or coercion, or attempted to interfere by threat, intimidation, or

5  coercion, with JANE DOE's exercise and/or enjoyment of her rights secured by the

6  Constitution, justifies the imposition of punitive damages against Officer LLOYD

7  to punish him for his conduct, and to deter him from engaging in similar conduct in

8  the future, because the conduct was malicious, oppressive and/or in reckless

9  disregard of JANE DOE's rights. The conduct was malicious because it was

10  accompanied by ill will, spite and/or for the purpose of injuring JANE DOE. The

11  conduct was oppressive because it injured and/or damaged JANE DOE and/or

12  violated JANE DOE's rights with unnecessary harshness and/or severity, and it was

13  a misuse or abuse of authority or power by Officer LLOYD. The conduct was with

14  a conscious disregard of JANE DOE's rights because, under the circumstances, it

15  reflected a complete indifference to JANE DOE's safety or rights.

16       49.    The CITY OF RIDGECREST is vicariously liable for the damages on

17  Plaintiff's state law claims under the doctrine of *respondeat superior* and California

18  Government Code section 815.2(a).

19  **IX.**

20  **FIFTH CAUSE OF ACTION**

21  **Sexual Battery**

22  **[Against Defendants CITY OF RIDGECREST and MICAH LLOYD]**

23      Plaintiff JANE DOE incorporates by reference all prior allegations pled in this

24  complaint.

25       50.    Officer LLOYD, intended to cause harmful or offensive contact with

26  the private parts of JANE DOE and sexually offensive contact resulted, either

27  directly or indirectly.

28  / / /

COMPLAINT

51.     JANE DOE did not consent to the harmful or offensive contact.

52.     The harmful or offensive contact was a moving force that caused general and special damages according to proof at the time of trial.

53.     The harmful or offensive contact justifies the imposition of punitive damages against Officer LLOYD to punish him for his conduct, and to deter him from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of JANE DOE's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring JANE DOE. The conduct was oppressive because it injured and/or damaged JANE DOE and/or violated JANE DOE's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by Officer LLOYD. The conduct was with a conscious disregard of JANE DOE's rights because, under the circumstances, it reflected a complete indifference to JANE DOE's safety or rights.

54.     The CITY OF RIDGECREST is vicariously liable for the damages on plaintiff's state law claims under the doctrine of *respondeat superior* and California Government Code section 815.2(a).

WHEREFORE Plaintiff JANE DOE, prays for relief as follows:

1.     General damages according to proof at the time of trial,

2.     Special damages according to proof at the time of trial,

3.     Attorney fees pursuant to 42 U.S.C. § 1988,

4.     Attorney fees pursuant to California Civil Code § 52.1(h),

5.     Punitive damages against Defendant LLOYD,

6.     Costs of suit incurred herein and interest; and

7.     Any further equitable or legal relief that this Court deems just and appropriate.

/ / /

13

COMPLAINT

1    DATED:  February 24, 2022          The Hanrahan Firm

2                                           Corey P. Hanrahan
                                        /s/ as authorized on February 24, 2022
3                                       Corey P. Hanrahan, Esq., co-counsel
                                        for plaintiff JANE DOE
4

5

6
     DATED:  February 24, 2022          THE GILLILAND FIRM
7

8
                                        /s/ Dougals S. Gilliland
9                                       Douglas S. Gilliland, Esq., co-counsel
                                        for plaintiff JANE DOE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT